## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| PATRICIA SMALLS, | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No.  13-4637 (SRC) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| BUCKALEW FRIZZELL & CREVINA | : | |
| LLP et al., | : | |
| | : | |
| Defendants. | : | |

**<u>CHESLER, U.S.D.J.</u>**

This matter comes before the Court on the motion to dismiss the Complaint by

Defendants Buckalew, Frizzell, & Crevina LLP, Robert Buckalew, David Frizzell, Barbara

Karpowicz, and John Middleton, Jr. (collectively, "Defendants").  For the reasons stated below,

the Court will grant Defendants' motion to dismiss the Complaint.

This case arises from the alleged participation of Defendants in the eviction of Plaintiff

from her cooperative apartment.  On July 30, 2013, Plaintiff filed a Complaint which identifies

these moving Defendants, as well as other parties, as defendants.  After naming the defendants,

the Complaint begins with this paragraph:

<u>CAUSE OF ACTION</u>

18 USC Section 241, Conspiracy against Rights; 18 USC Section 242,
Deprivation of Rights; U.S.C. Section 3601- Fair Housing Act and Criminal
interference with Right to Fair Housing, 15 USC 689 Unlawful acts and omission;
18 USC Section 876, mailing threatening communications; Fraud; Harassment;
Extortion; 18 USC Section 371, Wrongful Use of Civil Proceeding, Conspiracy to

1

Commit Burglary; Burglary; Invasion of Privacy; Trespass; Trespasser; Breach of
Fiduciary; Breach of duty of loyalty; Lack of Good Faith;
Breach of Duty of Care; Unequal Treatment of Shareholders; Intentional Infliction
of Emotional Distress; Defamation; Conflict of Interest; Fourth and Fourteenth
Amendment Constitutional Rights Violations; Civil Rights Violations and Race
and Sex Discrimination.

The Complaint then contains a narrative of factual allegations. The Complaint does not further

specify what claims are asserted against which defendants based on which allegations.

The moving Defendants have moved to dismiss the Complaint, pursuant to Federal Rule

of Civil Procedure 12(b)(6), contending that the Complaint fails to state any valid claim for relief

against them. In resolving a Rule 12(b)(6) motion, the question before the Court is not whether

the movant will ultimately prevail, but whether the complaint sets forth "enough facts to state a

claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570

(2007). Detailed factual allegations are not necessary to survive a Rule 12(b)(6) motion, but a

plaintiff's "obligation to provide the grounds of his entitlement to relief requires more than

labels[,] . . . conclusions, and a formulaic recitation of the elements of a cause of action." Id. at

555. Instead, the plaintiff must provide enough factual allegations "to raise a right to relief above

the speculative level . . . on the assumption that all the allegations in the [pleading] are true (even

if doubtful in fact)." Id.

The Third Circuit has stated that Iqbal and Twombly require district courts to engage in a

two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, a court

must separate the factual allegations from the legal elements in the complaint. Id. at 210. All

well-pled facts must be accepted as true, but the Court may disregard any legal conclusions. Id.;

Iqbal, 556 U.S. at 678 (noting that a complaint is insufficient if it offers "labels and conclusions,"

a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement") (internal quotations marks and alterations omitted).

Second, a court must determine whether the pleader articulates "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. As the Supreme Court instructed in Iqbal, "[a] claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. Although this is not a "probability requirement," to make a showing of entitlement to relief, the well-pled facts must do more than demonstrate that the conduct is "merely consistent" with liability so as to "permit the court to infer more than the mere possibility of misconduct." Id. at 678-79 (citations and internal quotation marks omitted). Finally, in a Rule 12(b)(6) motion, the Court is limited in its review to a few basic documents: the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the complainant's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

The Complaint makes the following allegations. On August 1, 2012, Plaintiff was prevented from having access to her cooperative apartment by her cooperative apartment board (the "Board"), which acted on the advice of its attorney, Defendant Buckalew, Frizzell, & Crevina LLP ("BFC"). Defendants Robert Buckalew, David Frizzell, Barbara Karpowicz, and John Middleton, Jr. are alleged to be partners or employees of BFC.

The Complaint alleges a legal process in the state courts of New Jersey which resulted in the eviction of Plaintiff from her cooperative apartment. The Complaint contains many conclusory allegations of malfeasance and illegal conduct on the part of Defendants, such as

"BFC used of [sic] NJ court system and law enforcement as vehicle to steal Plaintiff's co-op apartment through fraudulent lawsuit HUD-L-438-11." The characterization of the lawsuit as "fraudulent" is purely conclusory, as the Complaint alleges no facts to support an inference of fraud. Nor does the Complaint allege any facts which support an inference that BFC stole, or attempted to steal, anything.

The Complaint further states: "Robert Buckalew is the RINGLEADER who conspired with Riviera Towers Corporation Board members to steal Plaintiff's $250,000 co-op, using all of his connections and knowledge of New Jersey Court and Legal System." Again, the allegation of a conspiracy to steal Plaintiff's apartment is not supported by any factual allegations.

Despite alleging that BFC was acting as attorney for the coop board, the Complaint alleges that BFC attorneys did not have the legal authority or "legal standing" to represent the Board in court. This will not be credited both because it is a legal conclusion and because it contradicts the facts alleged: the Complaint asserts that BFC was the attorney for the Board. An attorney has the legal authority to represent her client in court.

The gist of Plaintiff's grievance is that the Board, with the help of Defendants, stole her apartment from her. The characterization of this outcome as theft is not, however, a factual allegation, but a legal conclusion that this Court does not credit at this juncture. The underlying facts alleged in the Complaint appear to be that the Board sued Plaintiff in state court, and obtained a judgment against her, resulting in her eviction from her apartment. These factual allegations do not make plausible a claim that anyone stole Plaintiff's apartment from her. To the contrary, they make the accusation of theft implausible, since they suggest that Plaintiff lost her apartment as a result of a legal process which culminated in her eviction.

As to the moving Defendants, the Complaint alleges only that they acted as attorney for the Board. The thrust of the Complaint is that the Board acted illegally, and that the moving Defendants, in their role as litigation counsel, knew that the Board was acting illegally and conspired with them to help them achieve their illegal purpose.

The problem here, again, is that the Complaint pleads no facts to support any inference of malfeasance on the part of the moving Defendants. Rather, the Complaint pleads that they served as litigation counsel for the Board and acted as the Board's legal representative in a legal process which resulted in eviction for Plaintiff. The Complaint pleads no facts to support any inference of wrongdoing on their part. To the contrary, in terms of specific facts, the Complaint alleges only that they acted as attorneys and represented the Board in litigation against Plaintiff. That, without more, does not support any cause of action against them.

The Complaint asserts in a purely conclusory manner that the Board engaged in misconduct – this lacks any factual support. What is alleged is that the Board went to court and, through a legal means, evicted Plaintiff. The accusation that this action was illegal has no support in factual allegations.

The bottom line is that the Complaint alleges no facts which support any cause of action against the moving Defendants.

This Court recognizes that Plaintiff seeks the Court's recusal from this and other of her cases before it, and that she has asked for reassignment of these cases to another Judge. Judicial disqualification is governed by a federal statute, 28 U.S.C. § 455(a), which states: "Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." While this Court appreciates that Plaintiff may

sincerely disagree with the Court's decisions, and believe that this Court has not exercised impartial judgment in the conduct of her cases, having carefully considered Plaintiff's assertions, this Court does not find that any of her allegations provide an appropriate basis for disqualification. She has failed to indicate any basis on which the Court's impartiality could be questioned, except for her unhappiness with the Court's decisions. Were this a sufficient basis for the Court to recuse itself, every unhappy litigant would be entitled to similar relief. This Court declines to disqualify itself.

In sum, the Complaint has not set forth "enough facts to state a claim to relief that is plausible on its face" as against the moving Defendants. See Twombly, 550 U.S. at 570. The Court will therefore dismiss the claims against the moving Defendants without prejudice. Should Plaintiff wish to proceed with her claims against these Defendants, Plaintiff shall seek leave of Court to file an Amended Complaint clearly identifying which claims are being asserted against which defendants and setting forth specific factual allegations that support a plausible entitlement to relief as to each asserted claim.

For these reasons,

**IT IS** on this 19th day of November, 2013,

**ORDERED** that Defendants' motion to dismiss the Complaint (Docket Entry No. 8), pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED**, and, as regards the moving Defendants only, the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, should Plaintiff wish to proceed against the moving Defendants,

Plaintiff shall seek leave of Court to file an Amended Complaint against them.

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.
