UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PATRICIA SMALLS, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 13-4637 (SRC) |
| | : | |
| v. | : | **OPINION & ORDER** |
| | : | |
| BUCKALEW FRIZZELL & CREVINA LLP et al., | : | |
| | : | |
| Defendants. | : | |

**CHESLER, U.S.D.J.**

This matter comes before the Court on five motions: 1) the motion to vacate the entry of default and dismiss the Complaint by Defendant American Movers, Inc. ("American"); 2) the motion to vacate the entry of default by Defendant American Express Bank ("Amex"); 3) the motion to dismiss the Complaint by Amex; 4) the motion to dismiss the Complaint by Defendant Lazaro Carvajal ("Carvajal"); and 5) the motion to vacate the entry of default and dismiss the Complaint by Defendant Daniel Ortiz ("Ortiz"). For the reasons stated below, the Court will grant all of the motions.

This case arises from the alleged participation of Defendants in the eviction of Plaintiff from her cooperative apartment. On July 30, 2013, Plaintiff filed a Complaint which identifies these moving Defendants, as well as other parties, as defendants. After naming the defendants, the Complaint begins with this paragraph:

1

CAUSE OF ACTION

> 18 USC Section 241, Conspiracy against Rights; 18 USC Section 242, Deprivation of Rights; U.S.C. Section 3601- Fair Housing Act and Criminal interference with Right to Fair Housing, 15 USC 689 Unlawful acts and omission; 18 USC Section 876, mailing threatening communications; Fraud; Harassment; Extortion; 18 USC Section 371, Wrongful Use of Civil Proceeding, Conspiracy to Commit Burglary; Burglary; Invasion of Privacy; Trespass; Trespasser; Breach of Fiduciary; Breach of duty of loyalty; Lack of Good Faith;
> Breach of Duty of Care; Unequal Treatment of Shareholders; Intentional Infliction of Emotional Distress; Defamation; Conflict of Interest; Fourth and Fourteenth Amendment Constitutional Rights Violations; Civil Rights Violations and Race and Sex Discrimination.

The Complaint then contains a narrative of factual allegations. The Complaint does not further specify what claims are asserted against which defendants based on which allegations.

**I.     The motions by Defendant American Movers, Inc.**

American first moves to vacate the clerk's entry of default entered on November 6, 2013, contending that it was never properly served. Plaintiff's opposition brief does not address this issue.

Federal Rule of Civil Procedure 55(c) authorizes the Court to set aside an entry of default for good cause. Clearly, failure to effect proper service constitutes good cause. Federal Rule of Civil Procedure 4(h)(1) states that a corporation must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant . . .

American contends that the affidavit of service is defective because the server left blank the line giving the name of the person who accepted service. Because Plaintiff did not oppose the motion to vacate the entry of default, this Court construes this as conceding that service was not proper.

The motion to vacate the clerk's entry of default against American will be granted, and the entry of default will be vacated.

American also moves to dismiss the Complaint for failure to state a claim, arguing that the Complaint fails to adequately state any claim for relief. The Complaint alleges that the building's property management company allowed American to enter Plaintiff's apartment, remove her personal property, and place the property in its storage facility. The Complaint characterizes these acts as burglary, but burglary is a criminal matter in New Jersey and does not give rise to a civil cause of action, except for trespass. According to the Restatement (Second) of Torts § 158, " One is subject to liability to another for trespass . . . if he intentionally . . . enters land in the possession of the other." The problem here is that the Complaint does not plead facts which support the inference that Plaintiff was in possession of the apartment at the time of the removal of her property. To the contrary, the Complaint states that New Jersey Superior Court Judge Velazquez decided that Riviera Towers Corporation "had the right to break into Plaintiff's co-op apartment . . . because the Plaintiff co-op apartment belongs [to] RTC." (Compl. ¶ 34(b).) The Compliant thus pleads no facts to support any inference that American invaded Plaintiff's right to possess her apartment. The Complaint fails to allege sufficient facts to adequately state any valid claim for relief against American. American's motion to dismiss will be granted and, as to Defendant American only, the Complaint will be dismissed without prejudice.

**II.    The motions by Amex**

Amex first moves to vacate the clerk's entry of default entered on November 6, 2013. Plaintiff has not opposed this motion, which will be granted.

Amex, joined by Defendants Fein, Such, Kahn & Shepard, P.C., Nicholas Canova, Esq.,

and PHH Mortgage, next move to dismiss the Complaint for failure to state a claim, arguing that the Complaint fails to adequately state any claim for relief.  The Complaint alleges that Amex, Fein, Such, Kahn & Shepard, P.C., and PHH Mortgage "are Plaintiff's mortgage representatives, and Nicholas Canova, Esq. is an employee of Fein Such Kahn & Shepard, PC."  (Compl. at 5.)  As to these Defendants, the Complaint is not clear, but suggests that they are the principal and agents of the Plaintiff's mortgagor and had some involvement in the process of foreclosing on Plaintiff's apartment.  The Complaint does not allege sufficient facts to make plausible any cause of action against these Defendants.  The motion to dismiss will be granted and, as to Defendants Amex, Fein, Such, Kahn & Shepard, P.C., Nicholas Canova, Esq., and PHH Mortgage only, the Complaint will be dismissed without prejudice.

### III. The motion by Carvajal

Carvajal moves to dismiss the Complaint for failure to state a claim, arguing that the Complaint fails to adequately state any claim for relief against him.  The Complaint alleges that Carvajal acted as Plaintiff's attorney at a hearing in court on January 11, 2013, and that she fired Carvajal "during the hearing for making false statements and slandering her name."  (Compl. ¶ 58.)  Carvajal argues that he can have no liability for statements made during a judicial proceeding because they are protected by litigation privilege.  This is correct.  The New Jersey Supreme Court has stated:

> Although defamatory, a statement will not be actionable if it is subject to an absolute or qualified privilege. A statement made in the course of judicial, administrative, or legislative proceedings is absolutely privileged and wholly immune from liability.

Erickson v. Marsh & McLennan Co., 117 N.J. 539, 563 (1990).  The Complaint does not state a

4

valid claim for relief against Carvajal for defamation. Carvajal's motion to dismiss the Complaint will be granted and, as to Defendant Carvajal only, the Complaint will be dismissed with prejudice.

### IV. The motions by Ortiz

Ortiz first moves to vacate the clerk's entry of default entered on November 6, 2013. Plaintiff has not opposed this motion, which will be granted.

Ortiz next moves to dismiss the Complaint for failure to state a claim, arguing that the Complaint fails to adequately state any claim for relief. The Complaint alleges that Ortiz was the building manager, that he was in a position of overseeing the litigation against Plaintiff over her maintenance payments, and that he informed her of her eviction and asked her to speak with him about payment of rent. (Compl. ¶¶ 4, 9.) The Complaint makes the conclusory assertion that Ortiz harassed Plaintiff. (Compl. ¶ 22.) As Ortiz contends, the Complaint does not allege sufficient facts to support any valid claim against Ortiz. Ortiz's motion to dismiss the Complaint will be granted and, as to Defendant Ortiz only, the Complaint will be dismissed without prejudice.

In conclusion, the motions to vacate the clerk's entry of default against American, Amex, and Ortiz are granted, and the clerk's November 6, 2013 entry of default against these Defendants shall be vacated. The motions to dismiss the Complaint are granted, and the Complaint will be dismissed without prejudice as to Defendants American, Amex, Fein, Such, Kahn & Shepard, P.C., Nicholas Canova, Esq., PHH Mortgage, and Ortiz. As to Defendant Carvajal only, the Complaint will be dismissed with prejudice.

For these reasons,

5

**IT IS** on this 25th day of June, 2014,

**ORDERED** that the motions to vacate the clerk's entry of default (Docket Entry Nos. 31, 32, and 38) are **GRANTED**, and the clerk's entry of default against Defendants American Express Bank, American Movers, Inc., and Daniel Ortiz is hereby **VACATED**; and it is further

**ORDERED** that Defendants' motion to dismiss the Complaint (Docket Entry No. 21), pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED**, and, as regards Defendants American Express Bank, Fein, Such, Kahn & Shepard, P.C., Nicholas Canova, Esq., and PHH Mortgage only, the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 30), pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED**, and, as regards Defendant Lazaro Carvajal only, the Complaint is hereby **DISMISSED WITH PREJUDICE**; and it is further

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 32), pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED**, and, as regards Defendant American Movers, Inc. only, the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 38), pursuant to Federal Rule of Civil Procedure 12(b)(6), is **GRANTED**, and, as regards Defendant Daniel Ortiz only, the Complaint is hereby **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that, should Plaintiff wish to proceed against any moving Defendants,

Plaintiff shall seek leave of Court to file an Amended Complaint against them.

s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.
